JON M. SANDS
Federal Public Defender
KEITH J. HILZENDEGER (Ariz. Bar No. 023685)
Assistant Federal Public Defender
250 North 7th Avenue, Suite 600
Phoenix, Arizona 85007
(602) 382-2700   voice
keith_hilzendeger@fd.org
*Attorneys for Defendant Espinoza*

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 26-1414 |
| Plaintiff - Appellee, | D.C. No. 2:25-cr-563-PHX-JJT-1 |
| vs. | District of Arizona, Phoenix |
| CARLOS ALBERTO ESPINOZA-CONTRERAS, | **Motion to Withdraw as Counsel and to Appoint Substitute Counsel Under 18 U.S.C. § 3006A(a)(1)(A) and (c)** |
| Defendant - Appellant. | |

Pursuant to 9th Cir. R. 4-1(a), and for the reasons set forth in the attached declaration of counsel, Assistant Federal Public Defender Keith Hilzendeger respectfully seeks leave to withdraw as counsel in this appeal.

## DECLARATION OF COUNSEL

I, Keith J. Hilzendeger, Assistant Federal Public Defender with the Office of the Federal Public Defender for the District of Arizona, counsel for Mr. Espinzoa, and the lawyer chiefly responsible for preparing the briefs in this appeal, declare as follows:

1.  On March 20, 2025, Mr. Espinoza and a companion were charged by criminal complaint with one count of possession of 400 grams or more of fentanyl with intent to distribute, in violation of 21 U.S.C. § 841(a) and (b)(1)(A). (D.C. Dkt. #1) The complaint alleged that the day before, Mr. Espinoza and his companion arranged to sell approximately 150,000 pills of fentanyl to a confidential informant who was working with the DEA. (D.C. Dkt. #1 at 3)

2.  At Mr. Espinoza's initial appearance the next day, a magistrate judge ordered him detained pending trial and appointed Assistant Federal Public Defender Jane McClellan to represent him. (D.C. Dkt. #4) The magistrate judge also admonished the government, "Pursuant to Rule 5(f) of the Federal Rules of Criminal Procedure, the United States is ordered to disclose in a timely manner all exculpatory evidence to the defendant(s), that is, all evidence that is favorable to the defendant(s) or tends to cast doubt on the United States' case, as required by *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny. Failure to comply with this order may result in consequences, including, but not limited to, the reversal of any conviction, the exclusion of evidence, adverse

jury instructions, dismissal of charges, contempt proceedings, disciplinary action, and/or sanctions by the Court." (D.C. Dkt. #5)

3. On April 15, 2025, a grand jury indicted Mr. Espinoza and his companion on one count of conspiracy to distribute 400 grams or more of fentanyl, in violation of 21 U.S.C. § 846, and one count of possession of 400 grams or more of fentanyl with intent to distribute, in violation of 21 U.S.C. § 841(a) and (b)(1)(A). (D.C. Dkt. #12)

4. To settle the charges against him, Mr. Espinoza and the government entered into a plea agreement. He agreed to plead guilty to one count of possession with intent to distribute 40 grams or more of fentanyl, in violation of 21 U.S.C. § 841(a) and (b)(1)(B). (Dkt. #52 at 1) The government agreed to stipulate pursuant to Fed. R. Crim. P. 11(c)(1)(C) that the amount of fentanyl involved was between 12 and 36 kilograms, that Mr. Espinoza would receive a reduction under the safety valve, and that his sentence would not exceed the low end of the applicable Guidelines range determined by the Court. (D.C. Dkt. #52 at 3) Mr. Espinoza agreed to waive "any right to file an appeal… that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined." (D.C. Dkt. #52 at 5)

5.     At the sentencing hearing held on January 22, 2026, the judge accepted the stipulated-sentence plea agreement and sentenced Mr. Espinoza to 30 months in prison, followed by one year of supervised release. (D.C. Dkt. #53)

6.     Judgment was entered on January 22, 2026. The deadline for filing a notice of appeal thus was Thursday, February 5, 2026. *See* Fed. R. App. P. 4(a)(1)(A)(i).

7.     Mr. Espinoza's companion had not been sentenced when the deadline for filing a notice of appeal passed. (D.C. Dkt. #44) On February 23, 2026, the government moved to dismiss the case against the companion in the interests of justice under Fed. R. Crim. P. 48(a). (D.C. Dkt. #55) Three days later, the district court granted that motion. (D.C. Dkt. #56)

8.     Believing that the government had dismissed its case against Mr. Espinoza's companion because of exculpatory information relating to the confidential informant involved in the drug transaction, Mr. Espinoza sought to secure the same treatment for himself. On Monday, March 9, 2026, Mr. Espinoza filed a notice of appeal. (D.C. Dkt. #57) The 30th day following the deadline for filing a notice of appeal was Saturday, March 7, 2026, and so the grace period under Fed. R. App. P. 4(b)(4) expired on Monday, March 9, 2026. *See* Fed. R. App. P. 26(a)(1)(C).

9. I entered an appearance in this case on March 11, 2026. (Dkt. #3) Six days later, I moved for a limited remand under *United States v. Ono*, 72 F.3d 101 (9th Cir. 1995), in order to allow the district court to determine in the first instance whether there was excusable neglect or good cause under Rule 4(b)(4) to allow the untimely filing of the notice of appeal. (Dkt. ##5, 6) A week after that, this Court granted that motion and stayed proceedings in this appeal until the district court had made that determination. (Dkt. #7)

10. The district court ordered Mr. Espinoza to explain, by March 31, 2026, why there was excusable neglect or good cause to excuse the late filing of the notice of appeal. (D.C. Dkt. #62) On his behalf, I did so, explaining that there was excusable neglect or good cause based on the government's failure to disclose exculpatory information about the confidential informant as required by *Brady v. Maryland*, 373 U.S. 83 (1963), Fed. R. Crim. P. 5(f), and the magistrate judge's order at the initial appearance. (D.C. Dkt. #64) I also asked for discovery to support this contention. (D.C. Dkt. #65)

11. On May 12, 2026, the district court found that there was no excusable neglect or good cause to allow the late filing of the notice of appeal. (D.C. Dkt. #77) It also denied Mr. Espinoza's motion for discovery. This Court received the district court's order that same day. (Dkt. #8)

5

12. Today the Court lifted the stay of proceedings and set a deadline of July 15, 2026, to file the opening brief in this appeal.

13. In my professional judgment, ethical considerations require me to withdraw from this appeal in light of the appeal waiver in the plea agreement. *See State v. Coven*, 340 P.3d 1101, 1104 (Ariz. Ct. App. 2015) (citing Ariz. R. Prof'l Cond. 1.16; *State v. Davis*, 514 P.2d 1025, 1027 (Ariz. 1972); *Maricopa County Public Defender's Office v. Superior Court*, 927 P.2d 822, 826 (Ariz. Ct. App. 1996)). I accordingly ask that the Court direct appointment of new counsel, not employed by the Federal Public Defender for the District of Arizona, to assist Mr. Espinoza with this appeal.

14. ***Statement Regarding Status of Record Preparation.*** The court reporter is not in default with respect to any requested transcripts. All necessary transcripts have been prepared.

15. ***Statement Regarding Service of This Filing.*** I sent a copy of this motion by first-class mail to Carlos Alberto Espinoza-Contreras #68144-511, FCI-Sandstone, PO Box 1000, Sandstone, Minnesota 55072.

For the foregoing reasons, Assistant Federal Public Defender Keith Hilzendeger respectfully asks for leave to withdraw from this appeal and for the Court to appoint new counsel for Mr. Espinoza who is not employed by the Federal Public Defender for the District of Arizona.

Respectfully submitted:     June 16, 2026.

JON M. SANDS
Federal Public Defender

_s/Keith J. Hilzendeger_
KEITH J. HILZENDEGER
Assistant Federal Public Defender
*Attorney for Defendant Espinoza*